■ In the Matter of DAILY BUS & TRUCK RENTAL CORP., Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. (Matter No. 1.) DAILY BUS & TRUCK RENTAL CORP., Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. (Matter No. 2.)—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Education dated August 13, 1986, rejecting a certain bid by the petitioner

(matter No. 1), the petitioner appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated November 18, 1986, which dismissed the proceeding, and in an action to recover damages for the breach of a contract and in quantum meruit (matter No. 2), the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Bernstein, J.), dated December 14, 1987, as granted the defendants' motion to dismiss the second cause of action seeking recovery in quantum meruit.

Ordered that the judgment is affirmed and the order and judgment is affirmed insofar as appealed from, with costs.

On April 16, 1986, after competitive bidding, the Chancellor of the New York City School System was authorized by the Board of Education to lease 20 mobile instructional units from Daily Bus & Truck Rental Corp. (hereinafter Daily) at a daily rate of $575 per unit. A second bidder, the respondent Ferdinand Arrigoni, Inc. (hereinafter Arrigoni), was awarded a contract to provide 50 of the units at a daily rate of $594 per unit. The five-year lease was scheduled to commence on September 1, 1986.

Daily immediately began building the mobile instructional units. On May 8, 1986, Kenneth Karpel, an architect for the Board of Education, examined Daily's prototype mobile instructional unit and determined that it complied in all significant respects with the requirements of the contract. On June 1, 1986, the Board of Education entered into the contract. One clause of the contract gave Daily the right to submit alternate specifications considered to be equivalent.

On July 25, 1986, Karpel visited the site where the mobile instructional units were being built for Daily. He determined that the units varied in several important respects from the contract requirements. The greatest deviation was that the units were being built on a 1974 chassis, rather than the 1977 or later chassis that the contract required. In addition, according to Karpel, the floors were not flame retardant, the glass did not satisfy the State's guidelines, the doors were constructed of a different material than the walls, and the insulation was of a different, less effective material.

On August 1, 1986, following commencement of a CPLR article 78 proceeding by an unsuccessful bidder, the Supreme Court, Queens County (Berkowitz, J.) invalidated the contracts. The court found that the Chancellor did not have the authority to make the awards, and it directed the Board of

Education to reconsider the bids de novo as of the date they had been received.

On August 7, 1986, the Chancellor forwarded a draft resolution to members of the Board of Education in which he proposed that Daily be awarded a contract to lease 20 mobile instructional units and Arrigoni be awarded a contract to lease 50 units. In the accompanying memorandum the Chancellor stated that problems had been discovered in the units being built for Daily, but that he believed that they would be resolved by the date of the next Board meeting, which was scheduled for August 13, 1986.

In a letter dated August 8, 1986, Daily argued that its modifications were consistent with the bid specifications. In a letter dated August 11, 1986, it offered to reduce the contract price and in a letter dated August 13, 1986, it stated that it would eventually replace the 1974 chassis with 1977 or later chassis to conform the units to the contract specifications.

On the morning of August 13, 1986, Steven Schwager, the chief school business executive of the Board of Education, informed Daily that the Board was not satisfied that the company's proposed modifications were equal to or consistent with the contract requirements. At the Board of Education meeting that evening, the Board voted to "delete" the award of the contract to Daily and to award the contract for all 70 mobile instructional units to Arrigoni.

Shortly thereafter, Daily commenced a proceeding pursuant to CPLR article 78 to annul the determination of the Board of Education which deleted the award to Daily. The Supreme Court properly denied Daily's petition and dismissed the proceeding. When reviewing the discretionary act of an administrative body, the proper standard of review is whether that action can be supported on a reasonable basis (see, Matter of Kayfield Constr. Corp. v Morris, 15 AD2d 373, 378). Here it is apparent that the Board had a reasonable basis to decide as it did. The vehicles that were being built for Daily deviated in several substantial respects from the contract specifications. Since Daily could not readily cure the vehicles' defects, the Board could reasonably refuse to award it a contract.

Daily also notes that the court's order invalidating the contracts directed the Board of Education to reconsider the bids as of the date they were originally received. The company contends that since the Board received notice of its proposed modifications after the bids were received, it could not properly consider those modifications in awarding the bids. We

believe that Justice Berkowitz's order was intended not to restrict the Board's consideration of the bids, but to enable it to approve a contract without reopening the bidding process. Therefore the Board properly took Daily's proposed modifications into account in deciding to whom the contract should be awarded. The Supreme Court properly found that the action of the Board was not arbitrary or capricious and denied the petition and dismissed the CPLR article 78 proceeding.

Furthermore, the Supreme Court properly dismissed Daily's quantum meruit claim. When work is done pursuant to an illegal municipal contract, no recovery in quantum meruit may be had by the vendor. This rule is meant to buttress the statutes that govern the spending of public money for goods and services (see, Grand, Inc. v City of New York, 32 NY2d 300, 305, rearg denied 33 NY2d 658; Gerzof v Sweeney, 22 NY2d 297, 304-305, rearg denied 22 NY2d 884). We see no reason to find an exception in the instant case. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.